[No. 9342. In Bank. — December 18, 1885.]

## WILLIAM McKINNEY et al., Appellants, v. JOHN W. ROBERTS, Respondent.

Slander — Pleading — Allegation on Information and Belief. — In an action for slander, the complaint alleged on information and belief that on a certain day the defendant spoke in the presence of certain named persons the slanderous words complained of. *Held*, that the allegation was sufficient.

Id. — Calling a Married Woman a Paramour. — To falsely speak of a married woman as the paramour of a man not her husband imparts to her a want of chastity, and is slanderous *per se*.

Appeal from a judgment of the Superior Court of Stanislaus County.

The action was brought by the plaintiffs suing as husband and wife, to recover damages for slander. The alleged slander consisted in falsely speaking of the wife as the paramour of a man not her husband. The trial court sustained a demurrer to the complaint, and upon the refusal of the plaintiffs to amend, judgment was rendered for the defendant. The further facts are stated in the opinion of the court.

*Shell & Bond*, for Appellants.

The allegations of the complaint were sufficient. (*Brooks* v. *Byam*, 1 Story C. C. 301; *Lucas* v. *Allison*, 34 Ala. 629; *Howell* v. *Fraser*, 6 How. Pr. 222; *Rodway* v. *Mather*, 5 Sand. 654; *Trunott* v. *Dole*, 7 How. 226; *Espinoza* v. *Gregory*, 40 Cal. 62; Van Santvoord's Pleading, sec. 354; Code Civ. Proc., secs. 426, 446, 452, 540.)

*W. E. Turner*, for Respondent.

Ross, J.—It is a mistake to say that the allegation of the complaint is, in effect, that "plaintiffs are informed and believe defendant spoke certain words," etc. The allegation is: "That on the first day of March, 1883, as the plaintiffs are informed and believe, at the county of Stanislaus, the defendant, addressing William Walker, spoke in the presence of said William Walker and George M. Dewel the following words, to wit."

The effect of this is, that according to the information and belief of the plaintiff the defendant did in fact speak the words set out in the complaint at the time and place and under the circumstances stated. The allegation is sufficient, although it might and should have been made more definite and certain.

Section 46 of the Civil Code declares:—

"Slander is a false and unprivileged publication other than libel, which—

"1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;

"4. Imputes to him impotence or a want of chastity; or,

. "5. Which, by natural consequence, causes actual damage."

It does not admit of doubt, we think, that to speak of a married woman as the paramour of a man not her husband is of itself to impute to her a want of chastity.

Judgment reversed, and cause remanded with directions to the court below to overrule the demurrer to the complaint, with leave to the defendant to answer.

McKee, J., Morrison, C. J., Myrick, J., and Sharpstein, J., concurred.