[No. 14279.   Department Two. — September 9, 1891.]

LAURA F. PRESTON, Respondent, *v.* SARAH F. FREY et al., Appellants.

Slander — Evidence — Common Report — Mitigation. — In an action for slander, evidence that the slanderous statements made by the defendant were matter of common report is altogether inadmissible. Such report is not regarded in law as a mitigating circumstance.

Id. — Imputation of Unchastity — Evidence — Import of Words — Harmless Error. — Where the words proved to have been spoken by the defendant clearly impute a want of chastity, they are actionable *per se;* and evidence of a witness that he understood from such language that the defendant intended to impute to the plaintiff a want of chastity, if error, is without injury.

Id. — Repetition of Slanderous Words — Proof of Malice — Pleading. — It is always competent, in an action for defamation, to prove a repetition of slanderous charges for the purpose of showing malice, and it is wholly unnecessary to plead the repetition of the words.

Id. — Evidence of Prior Slander — Cross-examination. — It may be shown upon cross-examination of the defendant that similar statements to those charged were made by the defendant prior to the date of the alleged slander.

Id. — Privileged Communication — Attempted Settlement — Voluntary Repetition of Slander — Malice. — There can be no privileged communication where the slanderous words are spoken with malice, and without the request of a person interested. Slanderous statements concerning the plaintiff, spoken voluntarily by the defendant without request, in a spiteful and malicious manner, in the presence of an attorney at law and justice of the peace, who had not been retained as a counsel or lawyer for either party, but with whom the parties met at the plaintiff's request for the purpose of adjusting the slanderous charges, and who repeatedly told the speaker he did not wish to hear them, are malicious slanders, and not privileged communications.

Appeal from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*Waters & Gird,* for Appellants.

*L. Gill,* and *Trippett & Neale,* for Respondent.

· Belcher, C. — This is an action to recover damages for slander.

The plaintiff is an unmarried woman, and the defendants are husband and wife.

The complaint alleges "that on the seventh day of October, 1889, in San Diego County, California, the defendant Sarah F. Frey maliciously spoke and published in the presence and hearing of J. F. Walker, of and concerning the plaintiff, the false, unprivileged, scandalous, and slanderous words following, to wit [then setting them out], and that said defendant thereby intended and did impute to plaintiff a want of chastity, and the defendant was so understood thereby by those who heard her, to plaintiff's damage in the sum of twenty thousand dollars."

The defendants answered, specifically denying the said allegations of the complaint, and for a separate defense pleaded, in substance, that prior to said seventh day of October certain controversies and differences, set forth in the answer, existed between plaintiff and the defendant Sarah F. Frey; that the said Walker was an attorney at law and justice of the peace at Perris, in the county of San Diego; that at the request of plaintiff, and pursuant to agreement between plaintiff and defendant and said Walker, plaintiff and defendant met at the office of Walker, for the purpose of making an amicable and peaceable settlement of said matters of difference and controversies, Walker then and there being the mutual advisor and counselor of both plaintiff and defendant; and that all the statements made by defendant concerning plaintiff were made in the course of an attempted settlement, to Walker, as their mutual counsellor and adviser, without malice, in reply to allegations and demands of plaintiff, and to the end that an amicable settlement might be had, and for no other purpose, and that all of said statements were privileged. They further allege that all of said slanderous statements were made as matters of common report only.

The case was tried by the court without a jury, and the findings were, that all the allegations of the complaint were true, and all the allegations of the answer were untrue; that the defendant Sarah F. Frey, at the time and place named, maliciously spoke and published,

in the presence and hearing of J. F. Walker, of and concerning the plaintiff, the false, unprivileged, scandalous, and slanderous words set forth, and that the plaintiff had been damaged thereby in the sum of one thousand dollars; and that the parties, prior to said speaking and publication, had not agreed to submit the matters of grievance between them to said J. F. Walker.

Judgment was accordingly entered in favor of the plaintiff for the sum of one thousand dollars and costs, from which, and from an order denying a new trial, the defendants appeal.

It is argued for appellants that the judgment should be reversed because of several errors committed by the court in the reception and rejection of evidence, and because the findings were not justified by the evidence.

It appears that the parties formerly lived in the state of Kansas, and had been living in the town of Perris, in San Diego County, for some three years. The plaintiff had heard that Mrs. Frey was speaking disrespectfully of her and circulating slanders, and she wished her to retract the slanders and to sign a paper to that effect. At plaintiff's request, the parties met at Walker's office to talk the matter over, and, if possible, settle their troubles. Mrs. Frey refused to sign any paper, and proceeded to make the statements complained of in regard to the plaintiff's past life. These statements were, that the plaintiff had been in a house of prostitution; had been afflicted with the venereal disease; had given birth to an illegitimate child; and that she was in love with a young man named, and had exposed her person, laid down on a bed, and wanted him to go to her.

Walker testified that when she commenced he said: "Mrs. Frey, I don't want to hear this story at all; compromise this matter, and stop it. I asked her not to tell it, but she went on without any answer being made." And again: "As Mrs. Frey was repeating her story, I repeatedly told her I did n't want to hear it, and that it was not what I was there for. No one there requested her to state what she did say. It was entirely voluntary

on her part. It was said in a spiteful, malicious manner. She may have said, and I think she did say, that those things were reported, but she several times turned to Miss Preston and said: 'Fanny, you know it is so'; and 'that she could prove these allegations by any quantity of witnesses.'"

Mrs. Frey testified: "I don't know whether the reports were true. I know that there were such reports out against her. No one at that meeting asked me to repeat these things. I did so voluntarily. At the time I made these statements to Mr. Walker and Miss Preston, in Mr. Walker's office, I believed the reports to be true. I did not state that the reports were true, but said that I had heard them."

One of the errors assigned was the refusal of the court to allow defendants to prove that the statements made by Mrs. Frey were common reports in the state of Kansas. The evidence was objected to as irrelevant, immaterial, and incompetent, and we think the ruling proper. The law on this subject is stated as follows, in Newell on Defamation, Slander, and Libel, page 893, section 70: "Evidence of previous publication by others is inadmissible in mitigation of damages. The fact that others besides the defendant have defamed the plaintiff is a wholly irrelevant matter. And so is the fact that on such former occasions the plaintiff did not sue the publisher or take any steps to contradict the charges made against him. And when the falsehood thus unchallenged grows to a persistent rumor or general report, which the defendant hears, believes, and repeats, it is not regarded in law as a mitigating circumstance. Evidence of any such rumor is altogether inadmissible." (And see the same author, p. 350, secs. 3, 4; also 13 Am. & Eng. Ency. of Law, 441; and *Wilson* v. *Fitch*, 41 Cal. 384.)

It is claimed that other errors were committed in the reception of, and in the refusal afterwards to strike out, portions of the testimony of Walker. He was permitted to state all that was said and done in his presence, and

that he understood, from the language used, that Mrs. Frey intended to impute to the plaintiff a want of chastity.

It is argued that some of the statements made by the witness were in relation to matters not within the issues made by the pleadings, and were therefore irrelevant and immaterial for any purpose, and that the understanding of the witness as to the import of the words was of no consequence, and proof of it therefore wholly inadmissible.

We see no material error in the rulings. All of the statements testified to were made on the same occasion and were parts of one transaction. It was proper, therefore, for the plaintiff to prove all that was said by Mrs. Frey, and how it was said. And if it was error to allow the witness to state what he understood to be the import of the words spoken, it was error without harm. The words imputed a want of chastity, beyond question, and were actionable *per se.* (Civ. Code, sec. 46.)

A similar objection is made to some of the testimony given by Mrs. Frey on cross-examination. She was asked: " Had n't you told some things about her (plaintiff) prior to that time?" (October 7, 1889), and "Had you made the statements prior to that time?" The answers to the questions were properly admitted for the purpose of showing malice. " It is always competent, in an action for defamation, to prove a repetition of slanderous charges for the purpose of showing malice, and it is wholly unnecessary to plead the repetition of the words." (Newell on Defamation, p. 349, sec. 1.)

The claim that the findings were not justified by the evidence is rested upon the assumption that the slanders were spoken under circumstances which made them privileged communications.

A privileged communication is one made " without malice, to a person interested therein, by one who is also interested, or by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication inno-

cent, or who is requested by the person interested to give the information." (Civ. Code, sec. 47, subd. 3.)

Here the words were spoken "in a spiteful, malicious manner," to one who was not interested therein, and who repeatedly told the speaker that he did not want to hear them. They were spoken voluntarily, as shown by the testimony of Walker and admitted by Mrs. Frey, no one at the meeting having asked her to repeat them. Walker says he "had been retained by neither one of them in any way, shape, or form, as a counsel or lawyer."

Under these circumstances, the statements complained of were, in our opinion, rightly held by the court below to be malicious slanders, and not privileged communications. (See Newell on Defamation, p. 515, secs. 114, 115.)

It follows that the judgment and order should be affirmed, and we so advise.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.