---

[L. A. No. 320.    Department One.—January 18, 1898.]
NANNIE T. WESTERFIELD, Appellant, v. EDWARD W. SCRIPPS et al., Respondents.

LIBEL—EVIDENCE—MALICIOUS PURPOSE—REITERATED PUBLICATION AFTER SUIT BROUGHT—PRIVILEGED MATTER.—Where the publishers of a newspaper, sued for libel, have answered, justifying on the ground of the truth of the charge, and also pleading in mitigation that the publication was made in good faith and without actual malice, a publication made after the commencement of the suit which, while not repeating the words, refers specifically to the terms of the first article, and is

in substantial effect a reiteration of its substance, the language relating to the same subject matter and being of a character from which a malicious purpose might be inferred, is admissible upon the question of actual malice; and the fact that the article contained a privileged reference to the commencement of the action, cannot operate to exclude it, there being substantial repetition of libelous matter therein not covered by the privilege.

ID.—KNOWLEDGE OF PUBLISHERS—AVERMENT OF TRUTH—FAILURE OF PROOF—PRESUMPTIVE EVIDENCE—BURDEN OF PROOF.—Testimony on the part of the publishers that the first libelous article published was by the employees of the defendants without their knowledge or consent, is not conclusive upon the question of malice in fact, where there are circumstances from which the jury were at liberty to find against such testimony; and the assertion in the answer of the truth of the statements made in the original publication, without apparent investigation to ascertain their truth, and without any effort to prove them at the trial, is in itself a circumstance which the jury may consider as tending to contradict the testimony on behalf of defendants on the question of malice, and the publication of the second article is also a circumstance tending to contradict such evidence; nor is it incumbent upon plaintiff to show that the publishers had knowledge of such second publication, but the fact of its publication in their paper is presumptive evidence of their knowledge, the burden of overcoming which rested with them.

ID.—EXEMPLARY DAMAGES—APPLICABILITY OF INSTRUCTION.—Where there was evidence upon which the jury were authorized to find that the publication was made with actual malice, an instruction relating to exemplary damages is properly applicable.

ID.—EFFECT OF PLEA OF JUSTIFICATION—QUESTION OF GOOD FAITH—PROPER INSTRUCTION.—An instruction with reference to the defendants' plea of justification, that defendants having alleged their publication to be true, and reasserted the same in their answer, the jury were entitled to consider the good faith or want of good faith in which such answer was made, and that when a defendant republishes a libelous charge by making it a record of the court, he does it at his own risk, and if at the trial he fails to prove its truth, and did not in good faith expect to prove its truth, he intensifies the original wrong, is properly given.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Waldo M. York, Judge.

The main facts are stated in the opinion of the court. The substance of the instruction with reference to the defendant's plea of justification, is stated in the syllabus on that subject.

Henning & Bowen, and Del Valle & Munday, for Appellants.

E. K. Blades, and Edwin A. Meserve, for Respondent.

VAN FLEET, J.—Action for libel, in which plaintiff had verdict and judgment. The lower court set the verdict aside and granted a new trial upon the ground, as expressed in its order, "of error of law occurring at the trial, consisting in the admission by the court, as evidence, of the publication in the defendants' paper of October 18, 1895, of an article headed, 'After the Stuff,' and relating to plaintiff, and the commencement of this action, and not on the ground of the insufficiency of the evidence to justify the verdict of the jury."

Plaintiff appeals from the order, contending that the article in question was properly admitted in evidence, and that the order was erroneous.

The article counted upon in the complaint as constituting the libel was published in the defendant's newspaper of October 4, 1895, and was in these words:

### "NO RECOURSE.

"Profligate son of widow causes her much trouble. He deserts her for a married woman, with whom he is living suspiciously. Mrs. Mary Simmons is a widow, who has a son named Norman, aged seventeen. This boy is her only support, and he has been working for a woman named Brant. About a year ago Mrs. Simmons thinks that the woman became smitten with the boy, and for that reason got a divorce from her husband. She then established relations with the boy, since which time he has been worthless to his mother. He is now said to be living with the Brant woman, to the great distress of his mother, who called at the district attorney's office this morning and implored assistance in getting the lad under control. She was told he was not violating the law by living away from her, and no complaint could issue. The old lady now thinks she can show the parties are living in unlawful intercourse, when she will again apply for a complaint."

The answer admitted the publication of the article counted upon, affirmed its truth, and justified upon that ground; but alleged in mitigation that the publication was made without any actual malice, but in good faith, and only after an investigation which satisfied defendants of the truth of the matters published.

Upon the issue of actual malice thus made, plaintiff, at the trial, offered in evidence the article referred to in the order granting a new trial. This last article was published in defendants'

newspaper on the evening of the day on which plaintiff's action was commenced (October 18, 1895,) and as appears therefrom was evidently inspired by a knowledge of that fact. It was in these words:

### "AFTER THE STUFF.

"Mrs. Brant takes exceptions to a 'Record' scoop. She bases an action for damages in the sum of $20,000 on alleged libel. Mrs. Nannie T. Westerfield, the divorced wife of Fred R. Brant, brought suit this morning against Edward W. Scripps, Paul H. Blades and others of the Record Publishing Company, for $20,-000, for alleged false and malicious publication printed in the issue of October 4th concerning Mrs. Brant. The article in question was a statement of Mrs. Mary Simmons, a widow, who called at the district attorney's office to ascertain what could be done in reference to securing control of her seventeen year old son, Norman, who she stated had been drawn from her by the Brant woman. She also said that the Brant woman had lately gotten a divorce from her husband, and that since that time the boy had been with her almost all the time. It is to these statements of Mrs. Simmons as published that Mrs. Brant takes offense and thinks that she has been injured. A bond of $500 was filed with the suit, which secures the costs of both parties and $100 attorneys' fees as provided by the statute, to be paid the defendant's attorneys in the event of plaintiff's failure to sustain her case, which sum Mrs. Westerfield will doubtless have to pay."

To the introduction of this evidence defendants objected that it was irrelevant and immaterial; but the objection was overruled and the article admitted. This ruling constitutes the basis of the assumed error adverted to in the order of the court below.

Respondents contend that the admission of the article in evidence was erroneous, because it was not a repetition or reassertion of the libel complained of, but no more than a fair statement of the privileged fact that the action had been commenced, giving the substance of the complaint. We are unable to coincide with this construction of the purport and effect of the publication. It is true it was not a repetition *verbatim et literatim* of the terms of the original article, but it is clearly to our minds in substantial effect a reiteration of the substance of that article. While it does not repeat the words, it refers specifically to the

first article by date of publication, with a statement of its subject matter in terms which are, in themselves, clearly libelous, and with the added vice of a very clear implication of the truth of such original statements. Such repetitions are always admissible in actions of libel and slander, upon the question of actual malice; and they are not required to conform to any exact standard of similitude in terms with the original words, so long as they are of similar import. If the language relates to the same subject matter and is of a character from which a malicious purpose may be inferred, it is admissible. (*Chamberlain v. Vance*, 51 Cal. 75; *Harris v. Zanone*, 93 Cal. 59, 68; Ogden on Slander and Libel, 270, 271.) The article in question came clearly within this rule, and the fact that it contained a reference to the commencement of the action which, standing alone, might be regarded as privileged, could not operate to exclude it so long as there were statements therein not covered by such privilege. (*Preston v. Frey*, 91 Cal. 107.)

It is further contended that the evidence was improperly admitted, even conceding that it was a substantial repetition of the original libel, for the reason, as it is urged, that such original was shown to have been published by defendants' employees without the knowledge or consent of defendants, and without any actual malice on their part, and that it was not shown that said second publication was made by defendants personally, or with their knowledge or consent; and it is said: "Here is presented the anomaly of a publication, made at most with implied malice, being admitted to intensify the malice which in fact never existed in the first publication." But while there was positive testimony on behalf of the defendants, without direct contradiction, that the original article was published without their knowledge and with no actual malice, this evidence was not conclusive upon the question of malice in fact. There were circumstances from which the jury were at liberty to find against those positive statements. The assertion in the answer of the truth of the statements of the original publication, without apparently any proper investigation to ascertain the truth, and without any effort to establish it at the trial, was, in itself, a circumstance which the jury could consider as tending to contradict the testimony on behalf of defendants upon the question

of malice (*Blumhardt v. Rohr*, 70 Md. 328; *Lowe v. Herald Co.*, 6 Utah, 175; *Cruikshank v. Gordon*, 118 N. Y. 178); and the publication of the article in question was also a circumstance tending to contradict such evidence. It was not incumbent upon plaintiff to show that this second article was published with the knowledge of defendants. Its publication in their paper was presumptive evidence of that fact, the burden of overcoming which rested with them.

From these considerations we are satisfied that the evidence objected to was properly admitted, and that the ruling of the court thereon did not afford ground for a new trial.

There is some effort made by respondents to show that there was error in certain of the instructions given by the court; and that the new trial was properly granted for that reason. The criticism made upon the instruction relating to exemplary damages is based upon the same misconception of the effect of the evidence on the question of malice as that disclosed in the objection last discussed. As we have seen, there was evidence upon which the jury were at liberty to find the existence of actual malice; and in that view the question was correctly submitted to the jury. (*Taylor v. Hearst*, 107 Cal. 262; *Childers v. Mercury Co.*, 105 Cal. 290; 45 Am. St. Rep. 40.)

The instruction with reference to defendants' plea of justification was properly given. (*Lowe v. Herald Co., supra; Cruickshank v. Gordon, supra; Bacon v. Michigan Cent. Ry. Co.*, 55 Mich. 224; 54 Am. Rep. 372.)

It follows that the court below was in error in granting a new trial, and its order must be reversed. It is so ordered.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.