[No. 74.  Second Appellate District.—August 16, 1905.]

EDMUND BOHAN, doing business as the Bohan Paint Company, Respondent, v. THE RECORD PUBLISHING COMPANY, Appellant.

Libel per se—Accusation of Arson.—A publication in a newspaper falsely intimating that the proprietor of a business establishment had set fire to his premises and that the fire officials had decided to arrest him if another fire occurred there is libelous *per se*.

Id.—Damages—Injury to Business.—The sole proprietor of a business conducted by a firm name, who is libeled under his firm name in such a manner as to affect him personally, is not limited to the recovery of such damages as resulted from the injury to his business.

Id.—Presumption of Damages.—Damages to a person's reputation. fame, and credit are presumed to result from the publication of a libel *per se*.

Id.—Presumption of Malice.—In an action to recover damages for the publication of a libel *per se* malice is presumed, and, if exemplary damages are not claimed, the fact that the publication was made without any ill-will towards the plaintiff, but in good faith and believing it to be true, cannot be considered in mitigation of damages.

Id.—Instructions—Evidence.—The refusal to give instructions not warranted by any evidence in the record is not error.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Jeff Paul Chandler, for Appellant.

Hunter & Summerfield, and W. H. Morris, for Respondent.

SMITH, J.—The plaintiff, who was the sole proprietor, owner, and manager of the establishment known as the Bohan Paint Company, sued the defendant for a libel published in its journal, The Los Angeles Record, and recovered a verdict and judgment for the sum of five hundred dollars.  The defendant appeals from an order denying its motion for a new trial.

The libel complained of is as follows:

"Another fire will cause their arrest.

"During the last forty days there have been three mysterious fires in the rear of the Bohan Paint Company on Broadway, near Sixth, or in the alley very close thereto. Three times has the fire department responded to alarms in that neighborhood and each time arrived just in time to prevent disastrous fires.

"A month ago policeman Mike Holleran while covering his beat early in the morning noticed flames in the rear of the store occupied by the paint company. When he went into the rear of the place the flames were making rapid headway and he summoned the fire department. There were a number of oil barrels in the rear of the yard, but *the proprietor* of the establishment denied that there was any oil in them.

"However, the fire would have been a disastrous one had not Holleran acted promptly.

"Yesterday afternoon there was another fire in the rear of the paint shop. It burned some time but the department again checked the flames. Many of the boxes and barrels, however, were burned.

"This morning the department was again summoned. A bonfire was burning in the rear yard of a hardwood frame factory next door and the owners of that plant did not know how the fire started. When Captain Lennon arrived he noticed the ashes from another bonfire near the fence in the rear of the paint shop. This fire had undoubtedly burned out during the night.

"In explaining the fire of yesterday afternoon the paint firm says that some oil-soaked sawdust was left in the rear yard and that spontaneous combustion was the result.

"Assistant Chief O'Donnell and Secretary Robert Burns held a long consultation in the matter and it was decided to arrest the *proprietor* of the firm if another fire is discovered in the rear of the place. Chief O'Donnell informed the paint people that they would be compelled to clear up the rear yard at once and remove all inflammable material.

"The paint company's explanation of the fires is not satisfactory."

It is argued by the appellant, among other points: That the above article is not libelous *per se;* that it does not charge

the plaintiff personally with any crime, but refers to the firm of Bohan Paint Company only; and that damages cannot be recovered other than such as might result from injury to the business of the company. But these points are untenable. The publication, we think, is on its face libelous; and it is alleged and proven that it was published of the plaintiff, who was the sole proprietor of the concern known as the Bohan Paint Company. (Code Civ. Proc., sec. 460; *Schomberg* v. *Walker,* 132 Cal. 224, [64 Pac. 290].) Nor is there any principle upon which his claim for damages should be limited to those affecting his business. (Civ. Code, secs. 3300-3333.) Nor would the case be otherwise had there been more than one proprietor of the firm. In such case the firm could not have recovered damages other than such as might have been sustained by them in their common business; but if the libel were of a character to affect them personally, each of the firm could maintain his personal action. (*Schomberg* v. *Walker,* 132 Cal. 224, [64 Pac. 290].)

It is also objected that the court erred in refusing to give certain instructions of the appellant. But these, we think, were rightly refused. The first is to the effect that if the jury should find from the evidence that the plaintiff had not suffered any damage to his reputation, fame and credit, then, notwithstanding the proof of the libel and the failure of the defendant to justify, the jury should find for the defendant; which is opposed to the principle that damages must in such case be presumed. The second is to the effect that if the jury should find from the evidence that the article was published by the defendant without any ill-will toward the plaintiff, but in good faith and believing it was true, they should consider these matters in mitigation of damages. But in the case of publication libelous *per se,* ill-will or malice is to be presumed, and in this case the ill-will of the defendant appears clearly upon the face of the publication. Nor do we perceive any principle upon which—in a case where exemplary damages are not claimed—evidence of this character can be regarded as legitimate.

The third and fourth instructions, the denial of which is complained of, are, in effect, that it was sufficient for the defendant, in justification, to prove so much of the article only as constituted the sting or substance of the charge; but

there is no evidence in the record to justify this instruction. Other errors complained of are sufficiently disposed of by what has been said as to the above.

There are several objections to the admission and exclusion of testimony, but these are of no materiality and do not require further consideration.

The order appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.