[Civ. No. 2147. Third Appellate District.—May 22, 1920.]

HELGA PETERSON, Respondent, v. CHRIST RASMUSSEN et al., Defendants; MRS. C. (BOLINE) RASMUSSEN, Appellant.

[1] LIBEL — ACTION FOR DAMAGES — LETTER CONCERNING PLAINTIFF — FINDING—EVIDENCE.—In this action for damages for an alleged libel on plaintiff, committed by means of a letter written in the Danish language and delivered to and read by the addressees, close friends of plaintiff, the finding of the trial court that the letter was written of and concerning plaintiff was fully sustained by the evidence.

[2] ID.—IDENTITY OF PARTY—USE OF NAME UNNECESSARY.—To constitute libel a party need not be named in the writing if pointed to by description or circumstance tending to identify him.

[3] ID.—IMPUTATION OF WANT OF CHASTITY—DAMAGE—PRESUMPTION. Words imputing to a woman a want of chastity are actionable *per se,* and damage to her reputation are presumed to result from the publication thereof.

[4] ID.—PRIVILEGED COMMUNICATION—WHAT CONSTITUTES.—A privileged communication is one made without malice, to a person interested therein, by one who is also interested, or by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person·interested to give the information.

[5] ID.—BURDEN OF PROVING PRIVILEGE.—In an action for damages for an alleged libel, the burden of proving the privilege as set up in the answer is upon the defendant.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

P. H. Johnson and Irving D. Gibson for Appellant.

Martin I. Welsh for Respondent.

NICOL, P. J., *pro tem.*—This is an action for damages for an alleged libel on plaintiff, committed by means of a letter written by appellant Mrs. C. (Boline) Rasmussen in the Danish language. It is not disputed that the said appellant wrote the letter and that it was delivered to and read by the addressees, a certain Mr. and Mrs. Simonsen, in Sacramento.

Briefly, the complaint alleges that plaintiff is an unmarried woman of twenty-four years of age; that the defendants are husband and wife, residing together as such near Loomis, in Placer County; that on the seventh day of March, 1917, the plaintiff and defendants knew each other personally and on said day, and for a long time prior thereto, the plaintiff and Mr. and Mrs. Simonsen (the addressees of the letter) were close friends; that at all times prior to the publication of the defamatory statements contained in the letter herein-

---

3. Libel and slander in charging woman with unchastity, notes, 15 Ann. Cas. 1242; 24 L. R. A. (N. S.) 577; 48 L. R. A. (N. S.) 615.

4. What libelous statements are privileged, notes, 2 Am. Dec. 431; 15 Am. Dec. 232; 31 Am. Rep. 708; 104 Am. St. Rep. 110.

after set forth plaintiff had always maintained a good name and reputation among her neighbors, acquaintances, and friends for virtue, politeness, moral worth, and integrity, and had never been suspected of being unchaste and without virtue.

That on the seventh day of March, 1917, the defendant Mrs. C. Rasmussen wrote of and concerning plaintiff a letter in the Danish language to Mr. and Mrs. Simonsen, in Sacramento; that by said letter the said defendant published of and concerning plaintiff a false, unprivileged, and malicious writing which, translated from the Danish into the English language, is as follows:

"Loomis, March 7, 1917.

"Mr. and Mrs. Simonsen:

"Inclosed you will find receipt for $50.00, there is $15.00 due yet. We have heard you are selling milk for $14.00 per month, so we see she is paying for herself, which we are very glad to hear, but there is one thing we are not satisfied with, and that is, you put that old thing on Andrew, why she looks old enough to be his grand mother, with her glasses on and false teeth, no, just leave other peoples children alone, you may have trouble enough before you have your own boys brought up and send out into this world, so you shall not do ill to others, it may fall back on yourself some day, and what is that kind of talk he is telling about her operation? Is that why she had to wear a maternity dress, when she comes up to visit us, was she afraid we should see her shape and then she comes up here before I even had a chance to invite her, no, that is the most shameful I have seen, and I am absolutely ashamed that she is Danish, we have never in our lives seen such an impudent woman before in this country next time she comes up here I will lock the door, as we do not like to be insulted in our own house. Thanks for the money but let Andrew alone he has plenty of time he can get plenty of sickness, he don't need to marry it.

"Box 105.

"(Signed)     MRS. C. RASMUSSEN,
                    "Loomis, Cal."

It was alleged that by the language used in this letter the said defendant intended to charge, and to be understood as charging, that plaintiff was pregnant, and was wearing a

maternity dress to hide and conceal her shape, in order that her pregnant condition might not be disclosed, and that she was to have an unlawful operation performed to relieve her of the child, and further that the letter was so understood by the readers thereof. It was further alleged that the charges so made in said letter were and are in every particular false, untrue, defamatory, libelous, and unprivileged and that they did expose plaintiff to hatred, contempt, ridicule, and obloquy, and that by reason thereof she was injured in her reputation and good name, and has also caused her grievous mental suffering and humiliation.

The Simonsens, to whom this letter was addressed, were intimate friends of the plaintiff and had introduced appellant's son Andrew to plaintiff. The plaintiff and Andrew thereafter were engaged to be married, but the engagement was broken when plaintiff learned of the letter above set forth. At the time of the trial Andrew was in the United States forces in France.

An answer was filed denying the material allegations of the complaint and by way of defense sets up that the communication was privileged. The case came on for trial before the court without a jury, and the court filed its findings of fact and conclusions of law sustaining the material allegations of the complaint and gave judgment in favor of plaintiff and against the defendant Mrs. C. Rasmussen, from which judgment said defendant has appealed.

Appellant argues that the judgment should be reversed for the following reasons: (1) That the allegations of the complaint that the letter was written "of and concerning plaintiff" is not sustained by the evidence; (2) that the plaintiff was not entitled to damages, as there is no presumption of general damages, since the words in the letter are not libelous *per se;* that they do not on their face apply to plaintiff and are not libelous of themselves, and (3) that the letter was a privileged communication.

1. The court found that by the use of the words and language contained in said letter "the said defendant Mrs. C. Rasmussen intended to charge and assert and to be understood as charging and asserting, and was by the readers of the said letter, and those to whom the contents thereof were disclosed, in fact understood as charging and asserting and it did charge and assert therein among other things that the

plaintiff was pregnant and with child and was wearing a maternity dress to hide and conceal her shape in order that her pregnant condition might not be disclosed, and that the said plaintiff was to have an unlawful abortion performed to relieve her of the child.'' And the court further found that the said charges ''were in every particular false, untrue, defamatory, libelous and unprivileged. . . . ''

[1] These findings are fully sustained by the evidence. That the said defendant referred to the plaintiff in this letter appears from her own testimony given at the trial: ''Mr. Welsh: Q. Who were you referring to, Mrs. Rasmussen? A. I was referring to that girl. Q. Miss Peterson here? A. Yes, I did. Q. That is the one you referred to? A. Yes.'' It is also plain from the record that Mr. and Mrs. Simonsen (the addressees of the letter) understood the letter as referring to the plaintiff. S. Simonsen testified: ''I have known Helga Peterson since she came to this country. She came to our house quite often. Miss Peterson and my wife are very close friends. . . . I have no feeling against the Rasmussens. I don't like that letter they sent her very much. I have a feeling against them at the present time on account of the letter. . . . I did not make any effort to have Andrew Rasmussen become engaged to Miss Peterson nor did my wife that I know of. It is not true that my wife invited her there when she came there in the first place. My wife invited her to come to my place in North Sacramento. Andrew Rasmussen was there at the time. He came first.'' The plaintiff testified that when Mrs. Simonsen showed her the letter the first time ''she said some mother-in-law I had to write a letter like that.'' This evidence of the plaintiff was received without objection. The testimony in the case shows that the Simonsens understood the letter to refer to the plaintiff and plaintiff's engagement to Andrew Rasmussen, the son of defendants.

[2] To constitute libel a party need not be named in the writing if pointed to by description or circumstance tending to identify him. (*Burhart* v. *North American Co.*, 214 Pa. St. 39, [63 Atl. 410]; *Clark* v. *North American Co.*, 203 Pa. St. 346, [53 Atl. 237]; *Bohan* v. *Record Publishing Co.*, 1 Cal. App. 429, [82 Pac. 634].)

2. The appellant takes the position that since plaintiff's name is not mentioned in the letter there is no libel *per se*

and therefore no presumption of general damages. Her position in this regard is untenable. The letter, we think, is on its face libelous; and it is alleged and proven that the said letter referred to the plaintiff. [3] Words imputing to a woman a want of chastity are actionable *per se*. (*Preston* v. *Frey,* 91 Cal. 107, [27 Pac. 533]; *Hitchcock* v. *Caruthers,* 82 Cal. 523, [23 Pac. 48]; *Kedrolivansky* v. *Niebaum,* 70 Cal. 216, [11 Pac. 641]; *McKinney* v. *Roberts,* 68 Cal. 192, [8 Pac. 857].) Damage to a person's reputation is presumed to result from the publication of a libel *per se*. (*Bohan* v. *Record Publishing Co.,* 1 Cal. App. 429, [82 Pac. 634].)

3. There is nothing in the record showing, or tending to show, that the letter was a privileged communication. The letter was not in response to any inquiry made by the Simonsens. [4] A privileged communication is one made ''without malice, to a person interested therein, by one who is also interested, or by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information.'' (Sec. 47, subd. 3, Civ. Code.)

[5] The burden of proving the privilege as set up in the answer was upon the defendant. (*Schomberg* v. *Walker,* 132 Cal. 224, [64 Pac. 290]; *Adams* v. *Cameron,* 27 Cal. App. 625, [150 Pac. 1005, 151 Pac. 286].) The testimony shows an absence of privilege and the said letter and charges were by the trial court found to be false, malicious and unprivileged.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 21, 1920, and a petition to have the cause heard in the supreme court, after judgment by the district court of appeal, was denied by the supreme court on July 19, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.