[Civ. No. 10995. Second Appellate District, Division Two.—November 13, 1936.]

FRANK E. BONNER, Appellant, v. LOS ANGELES EXAMINER (a Corporation), Respondent.

Joseph L. Lewinson, Morris E. Cohn and John W. Preston for Appellant.

Oscar Lawler and John M. Hall for Respondent.

CRAIL, P. J.—This is an appeal from an order granting defendant's motion for a new trial in an action for damages for libel. The jury awarded $30,000 as compensatory damages and $45,000 as exemplary damages. The order for new trial was granted upon the following grounds: "(1) Excessive damages, appearing to have been given under the influence of passion or prejudice; (2) Insufficiency of the evidence to justify the verdict; (3) That the verdict is against the law; (4) Error in law, occurring at the trial and excepted to by the defendant."    Where such a motion is granted for insufficiency of evidence to justify the verdict, an appellate court will not find that there has been an abuse of discretion until it has considered the entire record. (*Gaster* v. *Hinkley,* 85 Cal. App. 55, 60 [258 Pac. 988].)

The granting of a new trial is a matter resting so largely in the discretion of the trial court that its action will not be disturbed upon appeal except upon a manifest and unmistakable abuse. On appeal every presumption is in favor of the order and the plaintiff must show affirmatively that the order was erroneous. (*Rosenberg* v. *George A. Moore & Co.,* 194 Cal. 392, 396 [229 Pac. 34].) It has been said and quoted over and over again that "it is only in rare instances and upon very strong grounds that the supreme court will set aside an order granting a new trial". (2 Cal. Jur. 905, and cases cited.) This rule arises largely from the fact that the order granting a new trial does not finally dispose of the case, but leaves it for retrial upon the merits.

"Insufficiency of the evidence to justify the verdict" is a ground for new trial appealing peculiarly to the discretion of the trial court. The rule which is applicable on an appeal from an order granting a new trial on such ground is upside down to the rule applicable on an appeal from a judgment on the ground of insufficiency of the evidence. In the latter situation the verdict of a jury will not be disturbed unless it appears without substantial conflict that there is *no* evidence to sustain the verdict. In the former situation, if there is *any* appreciable conflict in the evidence, the action of the trial court in granting a new trial is conclusive on the appellate court. (See cases col-

lected in 2 Cal. Jur. 940, note 15.) And the same is true where the evidence, though not conflicting, is such that different inferences may reasonably be drawn therefrom. (*Harrison* v. *Sutter, etc.,* 116 Cal. 156 [47 Pac. 1019].) In this connection it has been said that "so long as a case made presents an instance showing a reasonable or even fairly debatable justification, under the law for the action taken, such action will not be set aside, even if, as a question of first impression, the appellate court might feel inclined to take a different view from that of the trial court as to the propriety of its action". (2 Cal. Jur. 906, and cases cited.) One of the reasons for the rule is that the province of the appellate court is to decide questions of law; it will assume none of the functions of the fact finder; it will not weigh the evidence or substitute its judgment thereon for that of the trial court. The opportunity of the trial court to draw proper deductions from the evidence and for reaching just conclusions in such matters is generally superior to that of the appellate court.

█ With regard to the granting of a new trial for "excessive damages appearing to have been given under the influence of passion or prejudice", the rule in the trial court is that it may not grant such an order merely because the verdict seems large or because it is larger than the court sitting as a jury would have given but only when it appears that it was given under the influence of passion or prejudice. On appeal from such an order, however, an appellate court will not disturb the order if there is a reasonable or fairly debatable justification for it. It has been said and often quoted "that the trial court should be vigilant to set aside verdicts where there is reason to believe that passion, prejudice or sympathy has influenced the jury to give more than the facts reasonably warrant. No definite rule can be announced as to when a verdict is or is not so excessive within these rules, but it is settled that an order granting a new trial for excessive damages will not be disturbed if there is a reasonable or fairly debatable justification therefor. Such an order implies that the motion was granted upon a consideration of the insufficiency of the evidence to support the verdict." (20 Cal. Jur. 100.) In the same connection it has been said that "practically, the trial court must bear the whole responsibility

in every case''. (*Bond* v. *United Railroads,* 159 Cal. 270, 286 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687]; *Wiezorek* v. *Ferris,* 176 Cal. 353, 358 [167 Pac. 234].) In all the above we have not been stating new law. We have followed the language of former decisions in setting forth rules which are time-tried and experience-tested— rules which must govern in the determination of this case.

The trial lasted for approximately five weeks and the record is voluminous. There are 4,177 pages in the transcripts and briefs. The following facts and deductions may be reasonably drawn from the record. At the time the alleged libelous article was published the plaintiff was the executive secretary of the federal power commission. The article was in the form of a full-page editorial and accused the plaintiff, among other things, of having plundered from the files of the federal power commission letters from the so-called ''Power Trust'' recommending him for the position as executive secretary, and accusing him in effect of being a tool of the ''Power Trust'' in his administration of his office. The plaintiff has been in the government service continuously since 1909. From a minor position he had advanced through the various civil service classifications to the highest rating in the engineering service. During the seven years preceding his appointment as executive secretary of the federal power commission, he was assigned to San Francisco as district engineer. He was appointed executive secretary of the commission on July 1, 1929. The editorial was published April 22, 1930. His position with the commission ended on December 22, 1930, by act of Congress; and his service with the government continued thereafter until about June 30, 1931. Plaintiff never resided in Los Angeles County where the defendant's newspaper had its major circulation. Plaintiff's home for thirteen years prior to the trial had been at Piedmont in Alameda County. There was no evidence showing that defendant's newspaper had any circulation whatever in Alameda County or in San Francisco where plaintiff had his headquarters for several years prior to 1929, or in Washington, D. C., where plaintiff had his headquarters at the time of the publication of the article, and there was no evidence that plaintiff had suffered any injury to his business or occupation. These are all circumstances bearing

upon the question of amount of damages. (*Stevens* v. *Snow*, 191 Cal. 58 [214 Pac. 968].) There was no showing that the article in question caused the loss of plaintiff's position, or caused any diminution in the plaintiff's earnings, or affected adversely plaintiff's standing in the government service. Aside from temporary attendance in Los Angeles at certain commission hearings, there was no evidence that plaintiff had ever sojourned in Los Angeles County or that he had ever formed any business, social or religious connections therein or in any other county in which defendant's newspaper circulated. Such circumstances, lacking herein, are elements which usually have been found to exist in libel cases where any attempt has been made to justify large damages. Their absence in this case may reasonably be considered in justification of the trial court's order granting a new trial on the ground of excessive damages given under the influence of passion or prejudice.

The contention of the defendant in the briefs, among others, is that it fully met the burden of proving justification of the alleged libelous article. It is sufficient for us to say, following the rules heretofore stated, that defendant's contention is a fairly debatable one, and that in this sense there was justification for the trial court's order upon the ground of insufficiency of the evidence.

Furthermore, the plaintiff in the trial court had the burden of proving express malice as a basis for the awarding of exemplary damages amounting to $45,000. There was no direct evidence of express malice, but plaintiff claims (1) as a circumstance proving malice that the vice-president of the defendant corporation verified an answer reasserting the truth of the article and that he did so despite knowledge on his part which should have indicated to him that the article was untrue, and (2) that from the tenor of the article itself malice might be inferred. Defendant contends that no inferences of express malice could be drawn from the reaffirmance in the answer of the truth of the article unless no attempt was made at the trial in good faith to establish the truth of the article (*Westerfield* v. *Scripps*, 119 Cal. 607, 611 [51 Pac. 958]; *Dauphiny* v. *Buhne*, 153 Cal. 757, 764 [96 Pac. 880, 126 Am. St. Rep. 136]; *Davis* v. *Hearst*, 160 Cal. 143, 181 [116 Pac. 530]),

and that the defendant made far more than a *bona fide* effort to establish the truth of the article—that it introduced evidence which would have supported a finding that the article was true. At the least, it can be said that it was within the province of the trial court to determine in ruling on the motion for a new trial whether there was or was not an inference of malice arising from this circumstance. Whether the tenor of the article itself proved express malice depended entirely upon the inferences to be drawn therefrom. It was the privilege of the trial court in ruling upon the motion to draw a reasonable inference from the evidence that there was no express malice even though such inference was opposed to the inference which the jury adopted. In any event, there is a fairly debatable justification in the record for the trial court's order on this ground.

What we have already said makes it unnecessary to discuss the other grounds upon which the trial court may have based its order for a new trial.

Order affirmed.

Wood, J., concurred.