[Civ. No. 8103.   Third Dist.   May 28, 1952.]

ISABELLE HELLAR, Appellant, v. JOE BIANCO et al., Respondents.

Frances Newell Carr and Wray F. Sagaser for Appellant.

Darold D. DeCoe and Norman R. Samuelsen for Respondents.

VAN DYKE, J.—Appellant brought this action against respondents, seeking to recover damages for a libelous publication. At the trial she made proof as follows: Respondents were the proprietors of a public tavern and for the convenience of patrons maintained a toilet room for men on the wall of which there appeared on May 4, 1950, libelous matter indicating that appellant was an unchaste woman who indulged in illicit amatory ventures. The writer recommended that anyone interested should call a stated telephone number, which was the number of the telephone in appellant's home, and "ask for Isabelle," that being appellant's given name. At about 9 o'clock on the evening of that day a man, unknown to appellant, called the number and appellant answered. The caller requested permission to visit her and when in the course of the conversation it developed that a meeting could not be arranged he told her "there is some of the most terrible writing over here on the wall of the men's toilet about you, that is where I got your telephone number and your name." He suggested that she look into it and told her he was calling from respondents' tavern. Appellant informed her husband of the conversation and he called the tavern and talked with the bartender who was shown to have been in charge of the tavern during the absence of respondents. He told the bartender that his attention had been called to some writing on the walls of the

men's toilet regarding his wife, that he would give the bartender just 30 minutes to take it off the wall and that he was coming out to investigate. The bartender replied that he was busy and alone and would remove the writing when he got around to it. Appellant's husband thereupon called a constable and after some delay arrived at the tavern where, in company with several people, including the bartender, he went to the toilet and found the libelous matter still on the wall. Falsity of the libel was shown and its defamatory nature is conceded. In fact it was shocking. The husband, constable and other persons present when the group went to the toilet and found the defamatory writing still upon the wall were shown to have understood the appellant was the person referred to in the writing and the writing itself was sufficient to be understood by anyone knowing about it that it was written concerning her. (*Peterson* v. *Rasmussen,* 47 Cal.App. 694, 698 [191 P. 30].) After introduction of the foregoing proof, appellant rested her case and upon motion of the defendants was nonsuited. She appeals from the judgment thereafter entered and based upon the order of nonsuit.

Appellant contends that from the facts shown publication by respondents could be sufficiently inferred and therefore that the nonsuit was improper. "Publication of defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed." (Restatement of the Law of Torts, § 577.) ▮ Persons who invite the public to their premises owe a duty to others not to knowingly permit their walls to be occupied with defamatory matter. See *Burns* v. *Dean,* 1 King's Bench 818, wherein it was held that the proprietors of a club were liable for allowing a defamatory statement to be put upon their walls in a position in which it could be read by anyone who came into the club. The theory is that by knowingly permitting such matter to remain after reasonable opportunity to remove the same the owner of the wall or his lessee is guilty of republication of the libel. Respondents urge that there is no proof that they knew of the existence of the libelous matter and therefore that appellant failed to make proof sufficient to warrant submission of her cause to the jury for its determination. With this contention we do not agree. It is of course the rule that in reviewing a judgment based upon a nonsuit the plaintiff is entitled to the benefit of all favorable evidence and all reasonable inferences which may be drawn

therefrom. The defamatory matter was placed upon the wall by a person or persons unknown and it was therefore necessary for appellant to introduce evidence tending to show that respondents adopted the defamatory matter or republished it. ■ Republication occurs when the proprietor has knowledge of the defamatory matter and allows it to remain after a reasonable opportunity to remove it. ■ While there is in the record no evidence of actual knowledge on the part of the defendants the knowledge of an agent, while acting in the scope of his authority is imputed to the principal. (Civ. Code, § 2332; 2 Cal.Jur.2d 855; *Dressel* v. *Parr Cement Co.*, 80 Cal.App.2d 536, 540 [181 P.2d 962]; *Westman* v. *Clifton's Brookdale, Inc.*, 89 Cal. App.2d 307, 311 [200 P.2d 814]; *Hale* v. *Depaoli*, 33 Cal.2d 228, 231 [201 P.2d 1, 13 A.L.R.2d 183].) ■ From the testimony given the jury could have found that the bartender, to whom appellant's husband imparted knowledge of the existence of the slanderous matter and of its location was in general control of the establishment, with the duty of supervising the premises, including the rest rooms. While he was not told of the exact terminology of the writing, undoubtedly because neither appellant nor her husband had been given that terminology by the stranger who called appellant on the phone, yet the bartender was told enough about the defamatory nature of it to put him upon inquiry and to charge him with the duty of removing the writing from respondents' wall. This knowledge of the bartender, acquired within the scope of his authority, is chargeable to the respondents. ■ It was also a question for the jury whether, after knowledge of its existence, respondents negligently allowed the defamatory matter to remain for so long a time as to be chargeable with its republication, occurring when the husband and the group with him visited the rest room and saw the writing.

The judgment appealed from is reversed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied June 26, 1952.