SCOTT, APPELLANT, *v.* HULL ET AL., APPELLEES.

[Cite as Scott v. Hull (1970), 22 Ohio App. 2d 141.]

(No. 505—Decided May 27, 1970.)

*Messrs. Mahon, Tudor, VanDyne & Tudor,* for appellant.

*Mr. John L. Roof,* for appellees.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hardin County entered pursuant to the sustaining of a demurrer to an amended petition in a libel action, the stated grounds of the demurrer being that the amended petition does not state a cause of action and that there is a defect of parties defendant.

Among other things not pertinent to this decision, the amended petition alleges that the defendant Margaret Hull owns and the defendant Edwin Hull is her agent for maintaining a certain building upon the exterior of which, at some time prior to October 1968, a person unknown to plaintiff enscribed graffiti defamatory to the plaintiff, which inscriptions, in ten inch letters, were so situated as to be seen daily by a large number of persons; that on November 23, 1968, each of the defendants received a certified mail notice of the existence of the inscriptions and demand that they be removed within twenty four hours; and that on February 20, 1969, the date of filing of the amended petition, the inscriptions still remained on the side of the building.

There were no other allegations asserting any other responsibility of the defendants, or either of them, for the graffiti, and the sole issue which we find dispositive of this appeal is whether a building owner, or his agent who has control of the maintenance of the building, must respond in damages for libel to a person defamed by graffiti enscribed by an unknown person on an exterior wall of the building exposed to public view by a large number of persons, merely because, after being given notice of the existence of the graffiti and a demand for their removal, such owner, or his agent, has not taken any action to do so.

The plaintiff would have us find liability on the part of the defendants on the authority of cases from other jurisdictions annotated in 28 A. L. R. 1454, this being a case of first impression in Ohio. However, we find that these cases are not parallel, may be, and should be distinguished. In *Hellar* v. *Bianco*, 111 Cal. App. 2d 424, 244 P. 2d 757, 28 A. L. R. 2d 1451, the graffiti were on the walls of a restroom inside the business establishment of the defendant, were with little doubt placed there by invitees of the defendant, and were open to view by other invitees. The court held that "persons *who invite the public to their premises* owe a duty to others not to knowingly permit their walls to be occupied with defamatory matter." (Emphasis added.) In *Fogg* v. *Boston & L. R. Corp.*, 148 Mass.

513, 20 N. E. 109, 12 Am. St. Rep. 583, the defamatory matter was on a bulletin board maintained for public view by the defendant railroad in its station, was placed there by its agent in immediate charge of the station, and related to the business of the defendant being conducted therein. The court said that there was evidence which could have established that the publication was made by the defendant's authority, or ratified by it, or made by one of its agents in the course of the business in which he was employed. In *Woodling* v. *Knickerbocker*, 31 Minn 268, 17 N. W. 387, the court recognized the potential liability of one defendant only because the "jury might well conclude that * * * [the defamatory matter was published] by his express authority or his assent," and concluded that another defendant, a partner to a defendant responsible for the publication, was not liable for "one can be held liable for a libel published by another only because he has authorized him to make the publication." In *Tidmore* v. *Mills*, 33 Ala. App. 243, 32 So. 2d 769, certiorari denied 249 Ala. 648, 32 So. 2d 782, there were sufficient averments in the complaint to charge either responsibility for or ratification of the publication, and the evidence that the defendant bought material of the kind on which the defamatory sign was painted and borrowed a small paintbrush before the same appeared tended to show his responsibility for the publication. All the conclusions of the court in *Byrne* v. *Deane*, 1 K. B. 818, 2 All Eng. 204, strongly relied upon by the plaintiff here, predicating liability on the failure of a defendant to remove alleged defamatory matter posted in a private club, constitute *obiter dicta* because the court reversed a verdict for the plaintiff there upon the ground that the matter was not in fact defamatory. It may thus be observed from these cases that where liability is found to exist it is predicated upon actual publication by the defendant or on the defendant's ratification of a publication by another, the ratification in *Hellar* v. *Bianco* and *Fogg* v. *Boston & L. R. Corp.* consisting of at least the positive acts of the defendants in continuing to invite the public into their premises where the defamatory matter was on view

after the defendants had knowledge of the existence of same.

The general rules relating to the responsibility of a defendant to respond in damages for the publication of defamatory matter are entirely consistent with the aforementioned cases.

In 53 Corpus Juris Secundum 231, Libel and Slander, Section 148, it is said, "As a general rule, all persons who *cause* or *participate* in the publication of libelous or slanderous matter are responsible for such publication * * *. Hence, one who requests, procures, or aids or abets, another to publish defamatory matter is liable as well as the publisher. * * *" (Emphasis added.)

In 3 Restatement of the Law, Torts, 192, Section 577, it is said, "Publication of defamatory matter is its communication *intentionally or by a negligent act* to one other than the person defamed." (Emphasis added.) And at page 196 it is said, "There is an intent to publish defamatory matter when the actor *does an act* for the purpose of communicating it to a third person or with knowledge that it is substantially certain to be so communicated." (Emphasis added.) At page 198, the following appears, "*Negligent publication. An act* which a reasonable man should recognize as likely to communicate defamatory matter about another to a third person and which does so communicate it, is sufficient to constitute a publication thereof." (Emphasis added.)

From these authorities, as well as all others which we have examined, we conclude that, in all events, liability to respond in damages for the publication of a libel must be predicated on a positive act, on something done by the person sought to be charged, malfeasance in the case of an intentional defamatory publication and misfeasance in the case of a negligent defamatory publication. Nonfeasance, on the other hand, is not a predicate for liability.

The only claim against the defendants here, at best, is nonfeasance, not that they published the graffiti by some positive act on their part, but that they published the graffiti merely by failing to remove same after its existence was

called to their attention and demand made upon them to do so. The viewing by the public was not at their invitation or a result of any positive act on their part. Such claim is not actionable, and the Common Pleas Court did not commit error by sustaining the demurrer to the amended petition and entering judgment thereon.

*Judgment affirmed.*

COLE, P. J., concurs.
YOUNGER, J., dissents.