**John A. KEMPER, Jr., Plaintiff,**

v.

**AMERICAN BROADCASTING COMPANIES, INC., Defendant.**

**Civ. No. 4107.**

United States District Court,
S. D. Ohio, W. D.

Oct. 1, 1973.

Horace W. Baggott, Dayton, Ohio, for plaintiff.

P. Eugene Smith, Dayton, Ohio, for defendant.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. Defendant, American Broadcasting Companies, Inc., has submitted affidavits and exhibits in support of its motion; plaintiff, John A. Kemper, Jr., has submitted nothing beyond his pleadings.

The gravamen of the plaintiff's action rests on two contentions: (1) that the defendant caused the plaintiff to hire and pay a nonexistent consultant for the purpose of gaining an ABC affiliation for Kittyhawk Television Corporation and, that when these facts became

known, withdrew its affiliation, refused future Kittyhawk proposals, and caused Kittyhawk's bankruptcy; and (2) that the defendant willfully and maliciously caused adverse publicity against the plaintiff, thereby damaging his personal reputation.

Plaintiff's first assertion is a corporate cause of action and has been disposed of in the companion case of John A. Kemper, Jr. v. American Broadcasting Companies, Inc., 365 F.Supp. 1272. (See Opinion and Order dated September 27, 1973.) In accordance with that Opinion, the Court holds that plaintiff cannot maintain the corporate cause of action.

Plaintiff's second contention appears to sound in tort, as a defamation action for libel. He has submitted nothing in support other than the bald and conclusory allegations in his complaint. In contrast, defendant has submitted some sixteen exhibits, consisting of newspaper accounts published in the Dayton area concerning the ABC-Kittyhawk affair, the depositions of John A. Kemper, Jr., plaintiff, Joseph M. McMahon, Jr., another Kittyhawk employee, and an authenticated transcribed copy of a tape-recorded interview with Thomas Sullivan, a former ABC employee, and John A. Kemper, Jr. on February 17, 1970.

■ The exhibits, depositions, and transcription demonstrate conclusively that the only public statements which might be actionable were made by defendant's lawyers in judicial proceedings. (*See* Defendant's Exhibits F–1 through F–16 [press clippings]; Defendant's Exhibit D, paragraphs 19–20 [Affidavit of Elton H. Rule]; Exhibit A–1 at 52, 62–64 [Kemper Deposition]). Such statements become a matter of public record and are privileged; no cause of action for defamation can be based on such statements. Theiss v. Scherer, 396 F.2d 646 (6th Cir. 1968); Bigelow v. Brumley, 138 Ohio St. 574, 37 N.E.2d 584, 21 O.O. 471 (1941); Driscoll v. Black, 3 Ohio App.2d 351, 210 N.E.2d 899, 32 O.O.2d 506 (1965).

■ Furthermore, all statements made outside judicial proceedings and which led to any publicity were released to the press by Mr. Louis Goldman, a lawyer for Kittyhawk, and Mr. Frank Luhn, a Kittyhawk employee. (Defendant's Exhibit A–1 at 62–63, 79–82). Plaintiff Kemper himself expressed his desire for release of a transcript of the taped interview of him and Thomas Sullivan to the press and approved of the release. (Defendant's Exhibit A–1 at 79–80). Plaintiff cannot now complain of such adverse publicity. Ely v. Borck, 7 Ohio App. 49, 27 O.C.A. 398 (1916); 34 Ohio Jur.2d, *Libel and Slander* § 47 (1958). This is true particularly where the record fails to otherwise show that publication was caused by the defendant. *Cf.*, Scott v. Hull, 22 Ohio App.2d 141, 259 N.E.2d 160, 51 O.O.2d 289 (1970).

The newspaper accounts submitted as defendant's exhibits reveal no ostensibly actionable statements or publicity which were initiated by defendant. Rather, such publicity seems to stem from privileged judicial documents or statements or from matters released by the plaintiff to the press. No other actionable statements of the defendant or its agents appear in the record as it now stands.

■ In collateral litigation in the United States District Court for the Southern District of Ohio, Western Division at Cincinnati (Civil No. 3776—Judge Timothy Hogan), the plaintiff was held to be a party to "commercial bribery" when he paid money and delivered Kittyhawk stock to Thomas Sullivan, a former ABC employee. Judge Hogan found that Sullivan acted beyond his scope of employment and that ABC was, therefore, not liable. This Decision and Order of the United States District Court in collateral litigation supports the truth of defendant's statements made during such judicial proceeding as well as the truth of newspaper publications surrounding the disaffiliation and litigation. By statute, truth is a complete defense in Ohio to all actions for

libel or slander.  Ohio Rev.Code § 2739.-02.

Motions for summary judgment are viewed with extreme caution in this Circuit, and this Court is accordingly reluctant to grant a Rule 56 motion. Such drastic actions which cut off litigants from a right to trial should be used only where there is really no genuine issue of material fact to try.  Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Rogers v. Peabody Coal Co., 342 F.2d 749 (6th Cir. 1965).  Tort cases have been regarded as generally not susceptible to summary adjudication. Aetna Insurance Co. v. Loveland Gas & Electric Co., 369 F.2d 648 (6th Cir. 1966); Davies v. Collins, 349 F.Supp. 62 (D.Ky.1972).  Nevertheless, the complexion of a summary judgment motion changes where defendant submits exhibits, affidavits, depositions and a memorandum of law in support of its motion and plaintiff fails to submit evidence in any form which controverts defendant's motion or assertions of fact.  Gillmore v. Proctor & Gamble Co., 417 F.2d 615 (6th Cir. 1969); Ryan v. F. W. Woolworth Co., 289 F.Supp. 940 (S.D.Ohio 1967).

Evidence submitted by the moving defendant here must, therefore, be taken as true.  The evidence submitted clearly demonstrates both the source and the factual accuracy of all publications appearing in the Dayton area which have been brought to the attention of the Court.  Plaintiff has submitted no evidence which raises, and this Court cannot otherwise find, any genuine issue of material fact concerning the truth of the publicity in issue or denying plaintiff's personal role in the publication of the allegedly harmful matter.

From the uncontroverted depositions, affidavits, and exhibits, it is clear that the publications were both privileged as part of judicial proceedings and truthful in and of themselves.  Defendant therefore is entitled to judgment as a matter of law.