[Civ. No. 1774. Second Appellate District.—November 13, 1915.]

## FRED A. POLLOCK, Appellant, v. EVENING HERALD PUBLISHING COMPANY (a Corporation), Respondent.

LIBEL—ACCUSATION CONCERNING THEATER "MANAGER"—PLEADING—INSUFFICIENT COMPLAINT.—A complaint in an action for libel brought by the lessee and manager of a theater for the publication of an article concerning the relations of another person with the chorus girls employed at the theater, and which erroneously stated that such person was the manager of the theater, but which made no reference to the plaintiff, fails to state a cause of action for general damages, and, in the absence of an averment of special damages, no recovery can be had thereon.

ID.—PLEADING—INNUENDO.—Where the words can bear but one meaning, and that is obviously not defamatory, no innuendo or other allegation can make the words defamatory.

ID.—SPECIAL DAMAGE.—In order to maintain an action upon words which are not libelous *per se*, the plaintiff must allege and prove special damage.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Jesse A. Gyger, and Wesley H. Beach, for Appellant.

Denis & Loewenthal, for Respondent.

SHAW, J.—Action for libel.   Plaintiff prosecutes this appeal from a judgment rendered in favor of defendant upon an order of court sustaining the latter's demurrer, both general and special, interposed to the third amended complaint.

It appears from the complaint that on October 21, 1912, plaintiff became the lessee and manager of a place of amusement in the city of Los Angeles, known as the Princess Theater; that at that time defendant was a corporation engaged in the publication of a newspaper of general circulation, known as the "Los Angeles Evening Herald"; that on November 14, 1912, defendant published in the regular issue of said newspaper an article as follows:

"Theater Manager Accused in Court.
"Girl Says George E. Ryan Forced Her to Accept His Attentions.

"May Thomas, whose stage name is Ladene Earl, who several days ago swore to an affidavit charging Guy Eddie, city prosecuting attorney, with forcing his attentions upon her, appeared in Judge Wilbur's court this morning as prosecuting witness against George E. Ryan, manager of the Princess Theater.

"According to the testimony of Miss Thomas, Ryan contributed to her delinquency. She stated that she was employed by Ryan as a chorus girl at the Princess and that two days after she went to work he told her that she would be discharged unless she accepted his attentions. She also stated that he promised her a raise in salary provided she would look with favor upon his advances.

"According to Deputy District Attorney H. S. G. McCartney, Ryan has made a business of forcing his attentions upon girls working in the chorus. He avers that when Ryan's trial is called he will produce at least six girls who have complained to him of Ryan's treatment."

By way of innuendo, it is then alleged that by the publication of said article defendant intended to and did charge, and by the readers of said paper was understood as charging, that Ryan was the manager of said theater at the time of the publication of the article, to wit, November 14, 1912, and that Ryan was and had been for some time, as such manager, in the employ of plaintiff who had allowed him as his agent to employ chorus girls in said theater, and that plaintiff had allowed said Ryan to act in an indecent, outrageous and criminal manner in the course of the performance of his duties as plaintiff's manager, and that plaintiff was a person of low character and allowed his business to be operated in a low and criminal manner. It is further alleged that plaintiff had never employed Ryan in any capacity, and that at no time subsequent to said October 21, 1912, when plaintiff acquired the Princess Theater, had Ryan been manager thereof; that said publication, as understood by the general public and by defendant intended to be understood, exposed plaintiff to hatred, contempt and ridicule by imputing to him a low and base character similar to that of an owner of a brothel; "that by reason of the publication aforesaid plaintiff was thereby

injured in his theatrical business to his damage in the sum of $15,000."

It must be conceded that as to plaintiff, to whom the article made no reference, the language thereof is not actionable *per se*. Recognizing this fact, plaintiff seeks by way of innuendo to show that by the article defendant intended, and was understood to intend and mean, to charge him in effect with being an accomplice of Ryan in the commission of the misdeeds imputed to the latter. From no angle, in our opinion, is the language used susceptible of such meaning or application. As said by Lord Kenyon in a very early case, "the injury is much too remote to be the foundation of an action." (*Ashley* v. *Harrison*, 1 Esp. 48, [Peake, 194].) "If the words before the innuendo do not sound in slander no meaning produced by the innuendo will make the action maintainable, for it is not the nature of an innuendo to beget an action. (*Grand* v. *Dreyfus*, 122 Cal. 58, [54 Pac. 389].) While it may serve to point a meaning to precedent matter, it can never be resorted to for the purpose of establishing a new charge. At most, the article erroneously describes Ryan's calling as manager of the Princess Theater. Quoting from Odgers on Libel and Slander, fifth edition, page 134, it is said: "Where the words can bear but one meaning, and that is obviously not defamatory, then no innuendo or other allegation on the pleadings can make the words defamatory. . . . No parol evidence is admissible to explain the meaning of ordinary English words, in the absence of any evidence to show that in the case before the court the words do not bear their usual signification." Moreover, while it is alleged that the article was published for the purpose of and did damage plaintiff and injure him in his business and calling, the article itself makes it apparent that no general damage could have been sustained. This for the reason that, as stated, the language used was not libelous *per se,* the alleged injury suffered being due solely to the extrinsic circumstances set forth by way of innuendo. It appears to be the rule that "in order to maintain an action upon words which are not libelous . . . *per se,* the plaintiff must have suffered some special damage, and the recovery is limited to compensation therefor." (18 Am. & Eng. Ency. of Law, p. 1085; *Harris* v. *Burley,* 8 N. H. 216; *Hirshfield* v. *Ft. Worth Nat. Bank,* 83 Tex. 452, [29 Am. St. Rep. 660, 15 L. R. A. 639, 18 S. W.

743].) Such damage might be predicated upon the loss of patronage and attendance upon entertainments given by him at the Princess Theater. There is nothing in the complaint, however, showing any falling off in such attendance, nor any allegations upon which special damages could be predicated. Our conclusion is that, since the article was not libelous in itself, no recovery could be had thereon for the general damages prayed for; and while plaintiff might have alleged facts upon which to base a claim for special damage, no such averments were made, and therefore the complaint states no cause of action for the recovery of such damage. (*Newbold* v. *J. M. Bradstreet & Son*, 57 Md. 38, [40 Am. Rep. 426]; *Woodruff* v. *Bradstreet Co.*, 116 N. Y. 217, [5 L. R. A. 555, 22 N. E. 354]; *Wilson* v. *Fitch*, 41 Cal. 363, 386; *Harris* v. *Burley*, 8 N. H. 216; *Dun* v. *Maier*, 82 Fed. 169, [27 C. C. A 100].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.