[Civ. No. 7278. Second Appellate District, Division One.—June 6, 1932.]

HENRY A. DEWING, Respondent, v. D. T. BLODGETT, Appellant.

D. T. Blodgett, *in pro. per.,* for Appellant.

W. P. Butcher for Respondent.

CONREY, P. J.—Pursuant to the verdict of a jury, judgment was entered against defendant in the sum of $5,000 and costs. Defendant appeals from the judgment. Appellant relies upon three points to sustain his appeal. These points are: First, that the demurrer to the complaint should

have been sustained because the libels did not contain a name by which their readers knew the plaintiff and that, therefore, said libels were not actionable *per se* as to plaintiff; and that in order to recover damages for such a publication the plaintiff must allege facts or circumstances known to the readers of the alleged libel by means of which the reader was reasonably certain that the plaintiff was defamed by the publication, or allege other facts which showed that plaintiff sustained special damage by the publication. Second, that the verdict was not sustained by the evidence, because it did not prove that the defendant intended to refer to the plaintiff in the libelous articles. Third, that the verdict cannot be sustained because the evidence showed that one Dewey C. Carson and not the plaintiff took and transcribed the stenographic notes in the case of *Blodgett* v. *Trumbull,* in connection with which the libelous articles were published.

Prior to the publication by appellant of the alleged libelous articles there had been tried in the Superior Court of Santa Barbara County an action entitled *Ida Blodgett, Plaintiff,* v. *Grace Sherwood Trumbull, Defendant,* and judgment therein had been entered in favor of the defendant Trumbull. The plaintiff, Ida Blodgett, appealed from that judgment. In the first of said articles published by appellant while said appeal was pending, it was stated that after decision of the action "the court reporter has since manufactured evidence to support Judge King's decision by making a false transcript in which it was pretended that McFadden testified 'yes, it was executed the 7th of February, 1923'." It was further stated that "the court reporter committed a felonious crime", etc. In the second of said alleged libelous articles, published by appellant during the pendency of said appeal, it was stated that one Griffith, an attorney at law, "persuaded a court reporter to commit the required crime. That crime consisted of the making of a false transcript of the testimony given by McFadden in the Superior Court in Santa Barbara County. . . . What, if anything, is there to prevent the indictment of Johnston and the court reporter of the Superior Court of Santa Barbara County?"

The name of the plaintiff Henry A. Dewing is not contained in either of the said alleged libelous articles. But

it is alleged in the complaint in this present action "that at all times plaintiff was and now is the duly appointed qualified and acting official court reporter of the Superior Court of the State of California, in and for the County of Santa Barbara, and as such is the sole and only official court reporter of said Superior Court".

The point, that defendant's demurrer to the complaint should have been sustained, is without merit. Appellant says in his brief, that when an alleged libel fails to contain a name by which a reader of the alleged libel knows the plaintiff, the alleged libel is not actionable *per se* as to plaintiff; and that in order to recover damages for such a publication, the plaintiff must allege facts and circumstances, known to the reader of the alleged libel, by means of which the reader was reasonably certain that the plaintiff was the person defamed by the publication, or allege other facts which show that plaintiff sustained special damage by the publication. This is not an altogether correct statement of the law. Appellant has confused the rules of pleading with the rules of evidence. The complaint alleged, in language which we have quoted, the fact that at the time of said publication, plaintiff was "the duly appointed, qualified and acting official court reporter" of said superior court. He also alleged that the publications were made by the defendant "of and concerning the plaintiff"; also "that at the time of said publication and prior thereto, plaintiff was the official court reporter of said county, known and recognized as such by the public and readers of said circular and publication; that by the publication of said words and language as aforesaid, defendant intended to and did refer to plaintiff, and did then and there charge and assert, and was understood by said readers as referring to, charging and asserting that plaintiff had committed a felony", etc.

So far as the rules of pleading are concerned, it is clear that the complaint stated a cause of action as for a libel published of and concerning the plaintiff. "In an action for libel or slander it is not necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose; but it is sufficient to state, generally, that the same was published or spoken concerning the plaintiff; and if such allegation is contro-

verted, the plaintiff must establish on the trial that it was so published or spoken." (Sec. 460, Code Civ. Proc.) Referring to said section 460, the Supreme Court has said: "By this provision the inducement and colloquium are dispensed with, and if the words charged are libelous in themselves, the plaintiff is only required to allege that the libelous words were spoken 'of and concerning the plaintiff'. This is an issuable fact, as was the colloquium under the former system, and if denied, must be established at the trial." (*Harris* v. *Zanone*, 93 Cal. 59, 65 [28 Pac. 845, 846].)

The suggested points relating to the contention that the evidence is not sufficient to justify the verdict, are likewise without merit. The bill of exceptions herein states that at the trial of this action "the following proceedings were had. . . . The plaintiff regularly presented to the court and jury evidence and testimony of witnesses in support of his complaint. The defendant then had called and sworn as a witness in defendant's behalf the plaintiff in the above entitled action Henry A. Dewing, who testified (giving the testimony). Dewey C. Carson called and sworn on behalf of defendant testified as follows: (giving the testimony)." The substance of the testimony of these witnesses was that the plaintiff Dewing did not make the stenographic notes of the testimony of the witness McFadden referred to in the alleged libels, and did not make the transcript, and had no personal knowledge that the transcript was correct; that Carson was employed in the office of Dewing, the official court reporter of the superior court, as stenographer. Carson also testified as follows: "Q. Have you ever taken oath as Court Reporter *pro tempore?* A. Yes sir." Witness Carson identified a certified copy of the transcript on appeal in the action in the Supreme Court of the state of California, entitled *Ida Blodgett, Plaintiff and Appellant,* v. *Grace Sherwood Trumbull, Defendant and Respondent,* and testified concerning said transcript as follows: "I personally made said transcript, and I made on the 14th day of March, 1928, the stenographic notes of the testimony of Norman E. McFadden." Witness then produced said stenographic notes and read them to the jury.

It will be observed that as shown by the bill of exceptions the evidence produced by the plaintiff in support of his complaint at the trial of this action is entirely omitted

from the bill of exceptions. Therefore it must be assumed, in support of the judgment and verdict, that there was evidence sufficient to establish the fact that at all of the times referred to in the complaint the plaintiff Dewing was the official court reporter in said superior court. The only qualification modifying such statement is the fact shown in Carson's testimony that he at some time did take oath as court reporter *pro tempore,* and that he did report and transcribe the testimony in the case of *Blodgett* v. *Trumbull.* Directly or by necessary inference it thus appears that the plaintiff regularly presented to the court all evidence necessary to support his complaint; subject, of course, to such contradiction thereof as can be found in the evidence produced by the defendant as shown by the bill of exceptions. █ The fact that the name of the plaintiff was not contained in the libelous articles, does not deprive the plaintiff of his remedy, when those articles without using the plaintiff's name, gave a description which was capable of directing attention to him, and when, as here, it was alleged and (presumably, under the circumstance above shown), proved that readers of the articles understood them as referring to the plaintiff. This being so, the further fact that the testimony of McFadden in the action of Blodgett against Trumbull was taken down in shorthand and transcribed by Carson and not by the plaintiff, does not make the evidence insufficient to support the verdict in this case. "To constitute libel a party need not be named in the writing if pointed to by description or circumstance tending to identify him. (*Burhart* v. *North American Co.,* 214 Pa. St. 39 [63 Atl. 410]; *Clark* v. *North American Co.,* 203 Pa. St. 346 [53 Atl. 237]; *Bohan* v. *Record Pub. Co.,* 1 Cal. App. 429 [82 Pac. 634].) The appellant takes the position that since plaintiff's name is not mentioned in the letter there is no libel *per se* and therefore no presumption of general damages. Her position in this regard is untenable. The letter, we think, is on its face libelous; and it is alleged and proven that the said letter referred to the plaintiff." (*Peterson* v. *Rasmussen,* 47 Cal. App. 694, 698 [191 Pac. 30, 32].)

The judgment is affirmed.

Houser, J., and York, J., concurred.