[Civ. No. 8701. First Appellate District, Division Two.—May 24, 1933.]

NATIONAL PAVEMENTS CORPORATION OF CALIFORNIA (a Corporation), Appellant, v. HUTCHINSON COMPANY (a Corporation), Respondent.

236

Carter, Peterson & McDonough and Peterson & McDonough for Appellant.

Fitzgerald, Abbott & Beardsley for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for breach of contract. Defendant's demurrer was sustained and defendant had judgment, from which plaintiff has appealed on the judgment-roll.

The complaint alleges that the plaintiff was the owner of the exclusive license to manufacture a certain paving material and, on January 18, 1927, filed with the city of Oakland an agreement to furnish to the city or to anyone to whom the city might award a contract for the paving of any street, such material, together with such expert assistance as might be needed and the right to use the patented process. Thereafter proceedings were duly inaugurated by the city council for the paving of certain streets within the city and for the use therein of the materials and processes owned by the plaintiff. A contract for this purpose was duly executed with the defendant which, in turn, entered into a contract with plaintiff whereby the defendant agreed to furnish all

"sand, stone, clay, asphalt and mineral ingredients needed
. . . " for said work and to furnish and equip a paving
plant and all the "fuel, labor, incidental materials and in-
gredients necessary for the production of said mixture".
Payments were to be made by defendant to the plaintiff on
the basis of eighty per cent of thirty-six cents per square
yard of such mixture "laid in the said improvement during
the next preceding calendar month". After the work had
proceeded for a short period the city council abandoned the
entire proceedings by resolution finding and determining
that the public interests and welfare required such action.
In this resolution it was recited that certain units of said
improvement had been completed in accordance with the
plans and specifications and that "the sum of $9,523.55 is
the fair and reasonable value of said completed units of said
work . . . " The superintendent of streets was then au-
thorized to cause that sum to be paid to defendant in full
settlement for all work completed and to take a receipt from
defendant "in full settlement of all claims for advances,
damages, compensation or costs that had accrued or might
accrue growing out of said contract . . . " It is not alleged
that any further sum was paid for a release of claims that
might accrue.

In respect to the proceedings leading to the abandonment
of the contract the plaintiff alleges that the defendant pre-
vented performance of said contract (with plaintiff) by
entering into an agreement of cancellation with the city and
that this agreement is evidenced by four several instruments
which are attached *in haec verba* to the complaint and made
a part thereof. These exhibits are the resolution reciting
that the public interests required an abandonment heretofore
noted, the defendant's receipt of payment, a letter of defend-
ant undertaking to hold the city free from certain claims,
and the final resolution declaring the work abandoned.

In the second cause of action the plaintiff pleads sub-
stantially the same facts and relies on a contract made coin-
cident with that alleged in the first and calling for the pur-
chase from plaintiff of a quantity of clay filler to be used
in connection with the same street improvement.

Many of the points raised by both parties may be
disregarded because the judgment must be affirmed for the

reason that an action for breach of contract does not lie when its performance is prevented by operation of law. (Civ. Code, sec. 1511; 13 C. J., p. 646; *Collins Hotel Co.* v. *Collins,* 4 Cal. App. 379, 381 [88 Pac. 292].) ■ The pleading discloses that the service tendered by the appellant was to be used exclusively in connection with the particular street improvement contracted for by respondent and, whether that service be a sale of materials or a joinder with respondent in the manufacture of a patented material, we need not decide because, in either case, the contract was executed in contemplation of the city's power to terminate the proceedings for good cause. This power is not seriously questioned. It is confirmed in *Warren* v. *Chandos,* 115 Cal. 382, 387 [47 Pac. 132]. The legislative determination that public welfare demanded that action is conclusive in this proceeding. The good faith of the city is not questioned and no charges of fraud are laid to respondent.

■ It is true that appellant alleged that the respondent entered into an agreement of cancellation with the city. But it alleged that the "evidence" of that agreement was four named exhibits to the complaint. These exhibits do not show such an agreement. When a pleading is made in this form the trial court in hearing the demurrer will examine the exhibits and treat the pleader's conclusions as surplusage. (*Peak* v. *Republic Truck Sales Corp.,* 194 Cal. 782, 790 [230 Pac. 948]; *Bashford* v. *Levy & Zentner,* 123 Cal. App. 204, 210 [11 Pac. (2d) 51].) Turning to the exhibits we find that the abandonment proceedings were initiated by the city and that the only "agreement" made by respondent was to release the city from all claims that "have accrued or might accrue". This release of claims that might accrue was merely a precautionary measure on the city's part. The sum paid to respondent had previously been determined as the "fair and reasonable value" of the completed units. Hence the complaint clearly discloses in both causes of action a prevention of performance which fully excuses the respondent.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 23, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 21, 1933.