## GANG v. HUGHES et al.
### Civ. A. No. 14434.

United States District Court
S. D. California, Central Division.

Feb. 24, 1953. ·

Milton A. Rudin, Los Angeles, Cal., for plaintiff.

Bautzer, Grant, Youngman & Silbert, Beverly Hills, Cal., for defendants Hughes, RKO Radio Pictures, Inc., and Carl Byoir & Associates.

BYRNE, District Judge.

The defendants have moved to dismiss an amended complaint alleging libel and slander.

The pertinent averments of the amended complaint may be summarized as follows:

Plaintiff Gang is an attorney at law profitably engaged in the practice of law in Los Angeles County; that prior to the complained of acts he enjoyed a reputation above reproach; that he had been acting as attorney for Jean Simmons and Stewart Granger in litigation in which his clients were plaintiffs and Hughes was a defendant; that on July 17, 1952, said litigation was terminated and dismissed pursuant to a written agreement between the parties; that said written agreement provided that the defendants pay the attorney fees incurred by Simmons and Granger in connection with said litigation; that following the termination of said litigation, the defendants made oral and written statements to the press as follows: " * * * that Gang, the Grangers' attorney, had refused to consent to settlement until he got his money", and " * * * that he (Hughes) was paying Gang's fee because the attorney had insisted upon immediate payment" ; that the defendants made said statements for the reason that Hughes feared that the fact that said pending litigation was settled upon the terms disclosed would cause Hughes to "lose face" with the public and to create the impression that it was Hughes who was being victimized by Gang and that Hughes was permitting himself to be imposed upon for the good of the motion picture industry; that several (named) newspapers and trade papers published said statements; that said statements were false; that by reason of the publication of said statements Gang has been injured in his professional capacity, has been deprived of business gains and profits and brought in disrepute as an attorney to his damage in the sum of $1,000,000.

The original complaint in this case was dismissed by the court because it did not include an allegation of special damages, and leave was granted to file an amended complaint. In amending his complaint, the plaintiff again refrained from alleging special damages and insists that the offending language is libelous per se and, therefore, averment of special damages is not required.

Under the early common-law doctrine any libel, whether defamatory on its face or established by innuendo and inducement, was actionable without allegation or proof of special damages. Defamatory matter in the form of slander required averment and proof of special damage except in three or four classes of cases where the words were said to be actionable *per se, e. g.,* where the words impute a crime of magnitude or the present possession of a loathsome disease. A gradual transition of the common-law doctrine has occurred in varying degrees in the several states of the Union.

Jurisdiction of this action is based on diversity of citizenship and therefore California law is controlling. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; 28 U.S.C.A. § 1652.

The California Supreme Court, in 1896, declared it to be the law in this state that averment and proof of special damage is required where the libelous meaning of the publication is not apparent on the face of the language used. Tonini v. Cevasco, 1896, 114 Cal. 266, 46 P. 103. The Tonini case has been consistently followed in California.[1]

In Washer v. Bank of America, 1943, 21 Cal.2d 822, 136 P.2d 297, 301, 155 A.L.R. 1338, the court said: "An innuendo * * is necessary where the words used are susceptible of either a defamatory or an innocent interpretation. * * * And when the offending language is susceptible of an innocent interpretation, it is not actionable *per se,* but, in addition to an innuendo, it is necessary for the plaintiff to allege special damages by reason of the meaning gained from the publication."

In 1945 the California Legislature codified this doctrine in Section 45a of the Civil Code, which provides:

---

1. Schomberg v. Walker, 1901, 132 Cal. 224, 64 P. 290; Pollock v. Evening Herald Publishing Company, 1915, 28 Cal. App. 786, 154 P. 30; Washer v. Bank of America, 1943, 21 Cal.2d 822, 136 P. 2d 297, 155 A.L.R. 1338.

"A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face. Defamatory language not libelous on its face is not actionable unless the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof. Special damage is defined in Section 48a of this code."

A general allegation of loss of business is not a sufficient allegation of special damages. A plaintiff must allege the specific manner in which he lost business as a result of the defamation. Pridonoff v. Balokovich, 1951, 36 Cal.2d 788, 228 P.2d 6.

The defendant's motion to dismiss must be granted unless the offending language can be said to be "libel on its face". Is the statement that "Gang, the Grangers' attorney, had refused to consent to settlement until he got his money" and "that he (Hughes) was paying Gang's fee because the attorney had insisted upon immediate payment" libelous on its face? Construing the language in its natural sense, it can only mean that Gang, in his efforts to care for his client's interests, insisted that the attorney fee incurred by his clients be defrayed by the defendants as a condition of settlement. There is nothing unusual about such an arrangement.

The fee had been incurred by Gang's clients as a result of the litigation and the obligation could be discharged only through payment by the clients, unless Hughes was required to pay it as a condition of settlement. Manifestly, the plaintiff was charged with nothing that would tend to injure him in his profession, for it cast no reflection upon his honesty, his integrity or his ability, but, on the contrary, indicated the zealous manner in which he discharged his duty to his clients by obtaining for them an advantageous settlement.

Even if the court were to consider the extrinsic facts alleged as inducement and innuendo, it could not be held that when coupled with the offending language they affect its construction so as to make it defamatory. The plaintiff has alleged that the "defendants made said statements concerning plaintiff in order to create the impression that it was Hughes who was victimized by the plaintiff and defendant Hughes was permitting himself to be imposed upon for the good of the motion picture industry." Disregarding plaintiff's failure to allege that the statements *did* create that impression,[2] the uttered words, assuming they created the impression plaintiff alleges Hughes intended, would not be defamatory. Gang owed no duty of allegiance, faithfulness or loyalty to Hughes. His duty was to his clients. If the impression were created that Hughes permitted Gang to impose a hard bargain on behalf of his clients in order that Hughes might appear as a benefactor of the motion picture industry, it would not tend to injure Gang in his profession.

Defamatory words to be actionable, as exposing a person to hatred, contempt, ridicule or obloquy, or which have a tendency to injure him in his occupation,[3] must be of such a nature that the court can presume as a matter of law that they will tend to disgrace and degrade him or cause him to be shunned and avoided. It is not sufficient, standing alone, that the language is unpleasant and annoys or irks plaintiff, and subjects him to jests or banter, so as to affect his feelings.[4] Obviously, words uttered to create the impression that the person who uttered them was more solicitous about a particular industry than was the person about whom they were uttered, would not, for that reason, be actionable.

---

2. The office of the innuendo is to declare what the words meant to those to whom they were published. Washer v. Bank of America, supra, Grand v. Dreyfuss, 1898, 122 Cal. 58, 54 P. 389.

3. California Civil Code, Section 45.

4. See cases collected in Yankwich, "It's Libel or Contempt If You Print It", Chapter III.

The motion to dismiss is granted. Counsel for defendants are requested to prepare and submit an order for signature pursuant to local Rule 7.